UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ANTHONY PRESCOTT, TDCJ # 02174108, | § § § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 3:18-CV-0378 |
| PAM PACE, | § § § | |
| Defendant. | § § | |

### MEMORANDUM OPINION AND ORDER

Plaintiff Anthony Prescott, an inmate in the Texas Department of Criminal Justice–Correctional Institutions Division ("TDCJ"), brings this civil rights suit against Pam Pace. The Court is required to scrutinize every complaint filed by a plaintiff proceeding *in forma pauperis* and dismiss the case, in whole or in part, if it determines that the action is frivolous, malicious, fails to state a claim upon which relief may be granted, or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Having reviewed the pleadings and all matters of record, the Court concludes that all of Plaintiff's claims against Pace must be **DISMISSED** for the reasons that follow.

**I.     BACKGROUND**

Plaintiff filed this action in 2016 in the Eastern District of Texas against multiple defendants. *See Prescott v. Denton County*, Civ. Action No. 4:16-0879 (Eastern District of Texas, Sherman Division). The Court in the Eastern District granted Plaintiff leave to amend his pleadings three times. Plaintiff's third amended complaint, filed in the Eastern

District on October 31, 2018, was forty-two pages long and named over fifty defendants. In that pleading, Plaintiff for the first time brought claims against Pam Pace.

On November 5, 2018, the Hon. Kimberly C. Priest-Johnson, United States Magistrate Judge, signed an order of severance and partial transfer (Dkt. 1). Judge Priest-Johnson's order severed the case into five separate actions, retaining claims against some defendants and transferring other claims to the Western District of Texas, Austin Division; the Eastern District of Texas, Tyler Division; and the Southern District of Texas, Houston and Galveston Divisions.

The severed action before this Court involves Plaintiff's claims against one defendant, Pam Pace. *See* Dkt. 1, at 2 ("venue for [Plaintiff's] claims against Practice Manager Pam Pace, whose address is shown as Galveston, Texas, is in the United States District Court for the Southern District of Texas, Galveston Division"). The third amended complaint (Dkt. 2) is the live pleading in the action before this Court.

Plaintiff identifies Pace as the practice manager of the University of Texas Medical Branch ("UTMB") in Galveston (Dkt. 2-3, at 13). He alleges that Pace "purposely ignored and or avoided [her] official duty to ensure [his] access to medical treatment was not inhibited to the degree that her position would enable her" (*id*.). In Count 8 of his complaint, which is the only count that mentions Pace, Plaintiff complains that his TDCJ unit is medically understaffed and lacks a "dental specialist" or "on call oral surgeon" (Dkt. 2, at 19). He states that he was informed that a dental procedure "couldn't be performed in house," and was told that the denial was based on "the abscessed tooth['s] proximity to the sinus cavity," even though "the dental department

had the ability to complete the procedure" and had performed it on other inmates (*id*.). He alleges that, due to the understaffing and the "failure to investigate," his serious medical needs were treated with "deliberate indifference" (*id*.). He also alleges that the State has a custom or policy of understaffing medical units, creating risk for inmates (*id*. at 18-22). Plaintiff makes no specific claims against Pace and does not allege that she was personally involved in any decisions regarding his medical care.

Plaintiff also claims in Count 8 that Pace and other officials acted improperly in connection with TDCJ's grievance procedure because they failed to adequately investigate his grievances or to refer them for investigation:

> Plaintiff asserts that on dates ranging between Mar[ch] 2018 and Aug[ust] 2018, Byrd Unit Warden Steven Miller[,] Coffield Unit Warden Jeffrey Catoe, Assistant Warden Naverette and ***medical manager Pam Pace***, acting pursuant with the state custom of failing to investigate officer misconduct, are joined as defendants based on each official[']s role in the creation, implementation, continued use of [and/or] the erroneous application of Administrative Directive 0382, which indicates that any grievance alleging harassment, use of force, or retaliation for exercising access to courts, shall be thoroughly investigated and forwarded to the office of the Inspector General.

(*id*. at 18) (emphasis added). Plaintiff states that officials including Pace "erroneously applied the directive" and failed to properly classify his grievances as emergencies (*id*.).

As relief for his claims, Plaintiff seeks $300 million in damages (Dkt. 2, at 42).[1]

---

[1] Plaintiff's complaint also requests "injunctive relief" but does not specify the relief he seeks, other than to refer to his "request previously submitted" in Docket Numbers 1, 19, and 43 (Dkt. 2, at 42), which are past pleadings he filed in the Eastern District. The Court has examined these pleadings, none of which brought claims against Pace. His initial pleading in the Eastern District (Dkt. 1) requested unspecified injunctive relief related to food tampering claims; at that point, Pace had not been named as a defendant. His amended pleading (Dkt. 19) requested injunctive relief to prevent retaliation and dissemination of his confidential information, but also did not name Pace as a defendant. The third pleading (Dkt. 43) was stricken from the record by

## II. STANDARDS OF REVIEW

Because the plaintiff is an inmate proceeding *in forma pauperis*, the Court is required by the Prison Litigation Reform Act ("PLRA") to scrutinize the claims and dismiss the complaint at any time, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B); *see also* 42 U.S.C. § 1997e(c) (providing that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief"). A claim is frivolous if it lacks any arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory. . . . A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright*, 709 F.3d 403, 407 (5th Cir. 2013) (internal quotation marks and citation omitted).

In reviewing the pleadings, the Court is mindful of the fact that Plaintiff proceeds *pro se*. Complaints filed by *pro se* litigants are entitled to a liberal construction and, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal

---

the Eastern District court. Therefore, construing Plaintiff's pleadings liberally, the Court finds no request for injunctive relief against Pace, the sole defendant in this suit.

quotation marks and citation omitted). Even under this lenient standard a *pro se* plaintiff must allege more than "'labels and conclusions' or a 'formulaic recitation of the elements of a cause of action.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citation omitted). Additionally, regardless of how well-pleaded the factual allegations may be, they must demonstrate that the plaintiff is entitled to relief under a valid legal theory. *See Neitzke v. Williams,* 490 U.S. 319, 327 (1989); *McCormick v. Stalder,* 105 F.3d 1059, 1061 (5th Cir. 1997).

## III. DISCUSSION

Plaintiff alleges that Pace, a UTMB official, violated his constitutional rights. Section 1983, 42 U.S.C. § 1983, provides a vehicle for a claim against a person "acting under color of state law," such as a state prison official, for a constitutional violation. *See Pratt v. Harris Cnty., Tex.*, 822 F.3d 174, 180 (5th Cir. 2016) (internal quotation marks and citation omitted); *Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002).

Construing Plaintiff's complaint liberally, he alleges that Pace is liable for failure to provide adequate medical care and for improper processing of his administrative grievances.

### A. Official Capacity Claims

To the extent Plaintiff sues Pace in her official capacity as a state employee, Pace is entitled to immunity under the Eleventh Amendment from claims for monetary damages. A claim against an official employed by UTMB in his or her official capacity

is a claim against UTMB, a state agency, and thus a claim against the State of Texas. *See Mayfield v. Tex. Dep't of Crim. Justice*, 529 F.3d 599, 604 (5th Cir. 2008). Because the Eleventh Amendment protects the states' sovereign immunity, federal courts lack jurisdiction over suits against a state for money damages unless the state has waived its immunity or Congress has clearly abrogated that immunity. *NiGen Biotech, L.L.C., v. Paxton*, 804 F.3d 389, 393-94 (5th Cir. 2015); *Moore v. La. Bd. of Elem. and Secondary Educ.*, 743 F.3d 959, 963 (5th Cir. 2014). Texas has not waived its Eleventh Amendment immunity, and Congress did not abrogate that immunity when enacting Section 1983. *NiGen*, 804 F.3d at 394.

In this suit, Plaintiff seeks only monetary damages against Pace. Accordingly, Pace is entitled to dismissal of all claims brought against her in her official capacity.

### A. Eighth Amendment Medical Care Claims

Plaintiff alleges that Pace, a medical manager, violated his right to adequate medical care. Because Plaintiff was, at all relevant times, a convicted felon in state prison, his claims regarding denial of adequate medical care are governed by the Eighth Amendment prohibition against "cruel and unusual" conditions of confinement. *Rhodes v. Chapman*, 452 U.S. 337, 346 (1981); *see Helling v. McKinney*, 509 U.S. 25, 33 (1993) (the Eighth Amendment "requires that inmates be furnished with the basic human needs, one of which is 'reasonable safety'"). To prevail on his Eighth Amendment claim, a plaintiff must demonstrate that the defendant exhibited "deliberate indifference" to his "serious medical needs, constituting an unnecessary and wanton infliction of pain." *Easter v. Powell*, 467 F.3d 459, 463 (5th Cir. 2006) (internal citations and quotation

marks omitted); *see Estelle v. Gamble*, 429 U.S. 97, 104 (1976). The Eighth Amendment standard has both an objective and subjective component. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). First, the prisoner must show "objective exposure to a substantial risk of serious harm." *Gobert v. Caldwell*, 463 F.3d 339, 345 (5th Cir. 2006). Second, he must show that the defendant acted, or failed to act, with deliberate indifference to the risk. *Id*. at 345-46. Deliberate indifference is an "extremely high standard." *Domino v. Tex. Dep't of Crim. Justice*, 239 F.3d 752, 756 (5th Cir. 2001). It requires "more than an allegation of mere negligence, but less than an allegation of purpose or knowledge." *Hinojosa v. Livingston*, 807 F.3d 657, 665 (5th Cir. 2015).

Plaintiff fails to state an Eighth Amendment claim against Pace in her individual capacity because he fails to allege that Pace was personally involved in any alleged violations of his rights.[2] Prescott alleges that his TDCJ unit lacks a "dental specialist" or "on call oral surgeon" (Dkt. 2, at 19). He also claims that his request for an in-house dental procedure, was improperly denied based on the abscessed tooth's proximity to the sinus cavity (*id.*). However, he makes no specific allegations as to Pace's role in these alleged violations. Because Plaintiff's claims do not allege any personal involvement by

---

[2] Plaintiff makes various allegations that the State has a custom or policy of understaffing its prison medical facilities and creating risk for inmates (Dkt. 2, at 18-22). These are "official capacity" claims that seek relief from the State and, therefore, only prospective injunctive relief is available. *See Shisinday v. Johnson*, 234 F.3d 28, 2000 WL 1568146, at *3 (5th Cir. 2000) (citing *Kentucky v. Graham*, 473 U.S. 159, 167 & n.14 (1985)). As stated above, because Prescott brings claims against Pace for monetary damages only, the Eleventh Amendment bars his official capacity claims.

Pace, any claim against her in her individual capacity must fail. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011).[3]

Additionally, to the extent Prescott alleges claims against any Defendant Pace in her supervisory capacity as medical manager,[4] he fails to state a claim upon which relief can be granted. A supervisory official is not liable under Section 1983 for the actions of subordinates on any theory of vicarious liability. *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 691-95 (1978) (holding that supervisory officials cannot be held vicariously liable for their subordinates' actions under Section 1983); *see Iqbal*, 556 U.S. at 677 ("'[S]upervisory liability' is a misnomer. Absent vicarious liability, each Government official, his or her title notwithstanding, is only liable for his or her own misconduct"); *Alton v. Texas A&M Univ.*, 168 F.3d 196, 200 (5th Cir. 1999) ("Supervisory officers . . . cannot be held liable under § 1983 for the actions of subordinates . . . on any theory of vicarious liability."). Supervisory officials can be held liable under Section 1983 only if

---

[3] In addition, Plaintiff's Eighth Amendment claims would fail because these allegations describe, at most, his disagreement with staffing decisions and medical decision-making. An inmate's mere disagreement with medical treatment does not constitute deliberate indifference absent exceptional circumstances. *See Estelle*, 429 U.S. at 107 (explaining that the decision whether to provide a particular type of treatment "is a classic example of a matter for medical judgment"); *Rogers*, 709 F.3d at 410. Moreover, an inmate has no constitutional right to the specific medical treatment of his choosing. *See Estelle*, 429 U.S. at 105-06; *see also Ruiz v. Estelle*, 679 F.2d 1115, 1149 (5th Cir. 1982) ("The Constitution does not command that inmates be given the kind of medical attention that judges would wish to have for themselves, nor the therapy that Medicare and Medicaid provide for the aged or the needy."). "Prison officials are not required to provide treatment that is the best that money could buy." *Baughman v. Garcia*, 254 F. Supp. 3d 848, 877 2017 WL 2311314 (S.D. Tex. 2017) (citing *Mayweather v. Foti*, 958 F.2d 91, 91 (5th Cir. 1992); *McMahon v. Beard*, 583 F.2d 172, 174 (5th Cir. 1978)) (internal quotation marks omitted).

[4] Prescott alleges that Pace "purposely ignored and or avoided official duty to ensure [his] access to medical treatment was not inhibited to the degree that her position would enable her" (Dkt. 2-3, at 13).

the plaintiff demonstrates (1) the supervisor's personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the deprivation. *See Evett v. Deep East Tex. Narcotics Trafficking Task Force*, 330 F.3d 681, 689 (5th Cir. 2003). Prescott has not alleged facts supporting liability under either theory.

Plaintiff's Eighth Amendment claims against Pace will be dismissed for failure to state a claim upon which relief can be granted.

B.  **Procedural Due Process**

Prescott makes cursory allegations that Pace was involved in the improper handling of grievances that should have been processed as emergencies. *See* Dkt. 2, at 18 (alleging that Pace, along with wardens from the Byrd and Coffield Units, "acted pursuant to the state custom of failing to investigate officer misconduct" and played a role "in the creation, implementation, continued use of [and/or] the erroneous application of Administrative Directive 0382"; further alleging that multiple officials, including Pace, "erroneously applied the directive, intentionally avoiding their duty to classify plaintiff's grievances").

Prescott's claims against Pace fail because his allegations about the processing of his grievances do not state a valid claim for relief under the Due Process Clause.[5] Under the Supreme Court's two-step procedure to analyze whether an individual's procedural due process rights have been violated, the Court first examines "whether there exists a

---

[5] To the extent Prescott brings an official capacity claim against Pace for an alleged custom or policy of improper grievance processing, his claim is barred by sovereign immunity because he seeks only monetary damages. *See Graham*, 473 U.S. at 167 & n.14.

liberty or property interest which has been interfered with by the State," and then "whether the procedures attendant upon that deprivation were constitutionally sufficient." *Meza v. Livingston*, 607 F.3d 392, 399 (5th Cir. 2010) (internal quotation marks and citation omitted), *decision clarified on denial of reh'g,* No. 09-50367, 2010 WL 6511727 (5th Cir. Oct. 19, 2010). In certain circumstances, the Due Process Clause protects inmates' liberty interest in prison disciplinary proceedings. *See Wolff v. McDonnell*, 418 U.S. 539, 557 (1974); *Malchi v. Thaler*, 211 F.3d 953, 957-58 (5th Cir. 2000). However, Plaintiff's allegations pertain to grievance processing, not disciplinary proceedings. The Fifth Circuit has held that an inmate "does not have a federally protected liberty interest in having . . . . grievances resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Because an inmate has no cognizable liberty interest, "any alleged due process violation arising from the alleged failure to investigate [inmate] grievances is indisputably meritless." *Id*. Courts repeatedly have dismissed lawsuits brought by prisoners to challenge TDCJ's administration of its grievance procedure, including alleged failures by TDCJ to comply with its own policies and procedures when processing grievances.[6]

Plaintiff's claim against Pace regarding the processing of his administrative grievances is dismissed for failure to state a claim upon which relief can be granted.

---

[6]    S*ee, e.g., Brewster v. Dretke,* 587 F.3d 764, 768 (5th Cir. 2009) ("A prison official's failure to follow the prison's own policies, procedures or regulations does not constitute a violation of due process, if constitutional minima are nevertheless met") (internal citation and quotation marks omitted); *Morris v. Cross*, 476 F. App'x 783 (5th Cir. 2012) (affirming dismissal of inmate's claim that prison official's alleged failure to adequately investigate his grievance because inmate lacked a protected interest); *Bell v. Woods*, 382 F. App'x 391, 393 (5th Cir. 2010) (dismissing as frivolous inmate's claim that prison officials violated his constitutional rights by their failure to process his grievances).

## IV. CONCLUSION

For the reasons stated above the Court **ORDERS** that all of Plaintiff's claims against Defendant Pace are **DISMISSED with prejudice** under 28 U.S.C. § 1915(e)(2)(B) for failure to state a claim upon which relief may be granted and seeking monetary relief against a defendant who is immune from such relief.

The Clerk will provide a copy of this order to the parties.

SIGNED at Galveston, Texas, this 6th day of December, 2018.

*George C. Hanks Jr.*
George C. Hanks Jr.
United States District Judge